UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL<br>501 2nd Street NE<br>Washington, DC 20002<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES FISH AND WILDLIFE<br>SERVICE, a federal agency within the U.S.<br>Department of the Interior<br>1849 C Street, N.W.<br>Washington, D.C. 20240<br><br>    Defendant. | Civ. No. _____<br><br>**COMPLAINT FOR**<br>**DECLARATORY AND**<br>**INJUNCTIVE RELIEF** |

**I.    INTRODUCTION**

1.    Plaintiff Safari Club International ("Safari Club") brings this action to challenge violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, by the Defendant United States Fish and Wildlife Service ("FWS").  On July 24, 2014, Safari Club submitted a legally valid FOIA request for "[a]ny documents, records or data regarding or supporting the enhancement of survival finding made by the U.S. Fish and Wildlife Service on July 22, 2014 for the importation of sport-hunted African elephant trophies from Zimbabwe during 2014."  The FWS failed to respond to a FOIA request submitted by Safari Club within 20 working days, as required by 5 U.S.C. § 552(a)(6)(A)(i).  The FWS has not provided any reason for its failure to respond.

2.    Prompt receipt of the requested information is crucial to Safari Club's advocacy efforts on behalf of its members and others in the hunting and conservation community.  The

1

July "enhancement finding" continued a ban on the importation of sport-hunted elephants from Zimbabwe, including for hunters who had planned hunts during 2014 (an earlier decision had banned imports of elephants sport-hunted between April 4 and July 31).  The inability to import discourages U.S. hunters from hunting elephants in Zimbabwe.  A reduction in U.S. hunters undermines sound conservation and management of the species through the generation of revenue to support these activities.  The FWS's failure to respond undermines Safari Club's and the general public's ability to respond to the FWS's decision-making processes on a fully informed basis.  The FWS has unlawfully withheld public disclosure of documents and information sought by Safari Club.  Safari Club is entitled to receive the requested information.  The FWS has not asserted that any disclosure exemption applies that would prohibit disclosure of the requested documents.  No valid exemption exists.  The FWS failed to comply with the statutory mandates and deadlines imposed by FOIA.  Accordingly, Safari Club seeks declaratory relief establishing that the FWS has violated FOIA and injunctive relief directing the FWS to promptly provide Safari Club with the requested information and documents.

   3. Given the time sensitive nature of this matter, Safari Club requests expedited consideration of this action pursuant to 28 U.S.C. § 1657(a).

   4. If it prevails, Safari Club will seek an award of attorneys' fees, costs, and other expenses pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E), and any other applicable law.

## II. JURISDICTION & VENUE

   5. Jurisdiction is proper in this Court pursuant to 5 U.S.C § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

6. This action reflects an actual, present, and justiciable controversy between Safari Club and the FWS. Safari Club's interests will be adversely affected and irreparably injured if the FWS continues to violate FOIA as alleged in this Complaint.

7. The requested relief is authorized by 28 U.S.C. §§ 2201, 2202 and 5 U.S.C. § 552(a)(4)(B).

8. The requested relief would redress the actual, concrete injuries to Safari Club caused by the FWS's failure to comply with duties mandated by FOIA and its associated regulations.

9. The challenged agency action is final and subject to judicial review pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

10. Safari Club submitted a FOIA request on July 24, 2014 to which the FWS has failed to respond, and therefore Safari Club has exhausted any and all available and required remedies.

11. Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in the District of Columbia. Additionally, Safari Club has an office in the District of Columbia and has members who work and/or reside within this judicial district.

12. Declaratory relief is appropriate under 28 U.S.C. § 2201.

13. Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

**III.   PARTIES**

14. Safari Club International, a nonprofit IRC § 501(c)(4) corporation, has approximately 50,000 members worldwide. Safari Club's mission is to protect the freedom to

hunt and to promote wildlife conservation worldwide.  Safari Club's purposes include the following:

- To advocate, preserve and protect the rights of all hunters;

- To promote safe, legal and ethical hunting and related activities;

- To engage in advocacy within the limits imposed by law and regulation, to monitor, support, educate or otherwise take positions on local, national and international legislative, executive, judicial or organizational endeavors that foster and support these purposes and objectives; and

- To inform and educate the public concerning hunting and related activities.

15. Safari Club works in coordination with the Safari Club International Foundation ("SCIF"), a nonprofit IRC § 501(c)(3) corporation.  SCIF's mission is to fund and manage worldwide programs dedicated to wildlife conservation and outdoor education.  SCIF's purposes include the following:

- To conduct and support scientific and technical studies in the field of wildlife conservation, to assist in the design and development of scientifically sound wildlife programs for the management of wildlife and sustainable use hunting, and to demonstrate the constructive role that hunting and hunters play in the conservation of wildlife and in preserving biodiversity worldwide; and

- To carry out and to support education programs on wildlife conservation, ecology and natural resource management that include a demonstration of the constructive role that hunting and hunters play in natural resource conservation and land management.

16. Safari Club brings this action on its own behalf and on behalf of its adversely affected members. Safari Club and its members are injured and adversely affected by the FWS's failure to respond to Safari Club's FOIA request. Safari Club and its members are injured and adversely affected by the FWS's failure to release the requested documents.

17. The relief sought by Safari Club would redress the injuries suffered by Safari Club and its members, as well as provide valuable and necessary information that will allow Safari Club, its members, and the general public to understand better and take actions in response to the FWS's decision-making process. The requested relief would require the FWS to respond to Safari Club's FOIA request and promptly release the requested information.

18. Defendant United States Fish and Wildlife Service is a federal agency within the U.S. Department of the Interior. The FWS is responsible for responding to all FOIA requests for records pertaining to FWS decision-making, including the request at issue here. In this capacity, the FWS is responsible for implementing and complying with federal law, including the federal laws implicated by this action. The FWS has failed to meaningfully respond or otherwise communicate with Safari Club regarding its FOIA request.

**IV.   STATUTORY BACKGROUND**

19. FOIA requires that an agency of the federal government, "upon any request … shall make the records promptly available." 5 U.S.C. § 552(a)(3)(A).

20. Each agency, upon any request for records, "shall determine within 20 [working days] after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i).

21. In "unusual circumstances," an agency may extend the time period by which it must make a determination on a FOIA request by no more than ten working days. 5 U.S.C. § 552(a)(6)(B)(i). An agency must notify a requester in writing that it is taking such an extension of time before the 20 working day time limit for a determination on a FOIA request expires. 43 C.F.R. § 2.19(a). Such written notification must provide the requester with the date by which the agency expects to make a determination on the FOIA request. 5 U.S.C. § 552(a)(6)(B)(i). Such written notification must also provide the requester with the date by which the agency expects to complete the processing of the FOIA request. 43 C.F.R. § 2.19(a)(2).

22. The requester is "deemed to have exhausted his administrative remedies with respect to such a request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i).

23. Requesters may seek immediate judicial review if the agency fails to make an initial substantive determination on a request within 20 working days.

V. **STATEMENT OF FACTS**

24. On July 24, 2014, Safari Club submitted a FOIA request to the FWS seeking certain documents related to the FWS's July 2014 decision that it could not make an enhancement finding regarding the importation of sport hunted elephants from Zimbabwe, which decision continued a ban on the importation of sport hunted elephants from Zimbabwe for 2014 ("FOIA request").

25. On July 30, 2014, the FWS acknowledged in an email to counsel for Safari Club that the FWS had received Safari Club's FOIA request. The FWS assigned Safari Club's FOIA request tracking number FWS2014-01153. The FWS's FOIA Officer, Melissa Allen, stated, among other things, that "I just officially came onboard following the retirement of the FWS's

former FOIA Officer and its most recent Acting FOIA Officer. We've also been in the middle of an office move that has made things quite chaotic. I am spending my initial week making sure that all FOIA requests that we have received are acknowledged and logged into our FOIA tracking system so we're held accountable for them."

26. Safari Club's FOIA request had a response deadline of August 21, 2014, according to the FWS tracking system. The FWS failed to make a determination on whether to comply with Safari Club's FOIA request by the statutory deadline and did not request an extension of time to respond to Safari Club's FOIA request.

27. In light of the information provided to Safari Club in the July 30, 2014 email from Ms. Allen, Safari Club informally allowed the FWS some additional time before Safari Club inquired about the status of the request. On September 5, 2014, counsel for Safari Club sent an email to Ms. Allen requesting an update on its FOIA request. The FWS did not respond to this request.

28. On September 10, 2014, counsel for Safari Club orally communicated with Ms. Allen requesting an update on its FOIA request. Ms. Allen responded by stating that she hoped to hear from the "DC based offices" regarding several FOIA requests either later that afternoon or the next day. She indicated that at that point, she would have a better idea of when Safari Club could expect its FOIA request to be fulfilled. She, however, could not provide Safari Club's counsel an estimated date for fulfilling the request, but promised to communicate with Safari Club's counsel when she knew more.

29. On September 11, 2014, counsel for Safari Club sent an email to Ms. Allen requesting an update by the end of the day whether she heard from the appropriate offices about Safari Club's FOIA request. The FWS did not respond to this request.

30. On October 8, 2014, counsel for Safari Club sent an email to Ms. Allen again requesting an update on its FOIA request. Among other things, counsel for Safari Club stated, "[a]s a fulfillment of our request is long overdue, we would appreciate receiving the documents on or before October 13, 2014." The FWS did not respond to this request.

31. On October 14, 2014, counsel for Safari Club sent another email to Ms. Allen requesting an update on its FOIA request. This request noted the possibility of having to "seek court assistance to obtain these documents."

32. Later on October 14, 2014, Ms. Allen responded, saying in part, "I will make sure that you receive an update on this [request]."

33. On October 15, 2014, counsel for Safari Club sent an email to Ms. Allen stating that her response was inadequate because "it does not offer any concrete information about when we should expect to receive documents in response to our request." Counsel for Safari Club also explained that Safari Club expected the FWS to provide any documents it had assembled to date, even if it did not represent a complete response and to supplement the response as documents became available. FWS did not respond to this request.

34. To date, the FWS has not made a determination on Safari Club's FOIA request, despite numerous requests. To date, the FWS has not advised Safari Club "of the track into which [its] request falls." 43 C.F.R. §§ 2.15; *see also* 43 C.F.R. § 2.21. To date and within the statutory deadline, the FWS has not sought to "extend the basic time limit [due to] unusual circumstances." 43 C.F.R. § 2.19. To date, the FWS has not requested any clarification from Safari Club regarding its July 24, 2014 FOIA request. To date, the FWS has failed to provide any responsive documents to Safari Club's FOIA request. To date, the FWS has failed to

provide any information to Safari Club about when it will make a determination about Safari Club's FOIA request or provide the responsive documents.

**VI.     CLAIM FOR RELIEF**

Count I
Violation of FOIA
(Constructive Denial / Failure to Make a Determination)

35.     The allegations made in all preceding paragraphs are realleged and incorporated here by reference.

36.     The FWS has failed to make a determination regarding or responding to Safari Club's FOIA request within the statutorily prescribed 20 working-day time period.  5 U.S.C. § 552(a)(6)(A)(i).

37.     Safari Club has a statutory right to have the FWS process Safari Club's FOIA request in a manner that complies with FOIA.

38.     FOIA establishes that an agency's failure to comply with the Act's deadlines shall constitute a constructive denial of the request and that the requester's administrative remedies shall be deemed exhausted.  5 U.S.C. § 552(a)(6)(C)(i).  Safari Club has fully exhausted all administrative remedies required by FOIA.

39.     The FWS has violated Safari Club's rights under FOIA.  The FWS has unlawfully failed to make a determination on whether to comply with Safari Club's FOIA request and unlawfully failed to provide documents and information responsive to Safari Club's FOIA request.

40.     Safari Club's organizational activities have been adversely affected by the FWS's violations of FOIA and will continue to be harmed if the FWS is allowed to continue violating FOIA's disclosure and other provisions.

41. Safari Club, its members, and other members of the public will be harmed if the FWS is allowed to continue violating FOIA's disclosure provisions, as it has in this case.

42. Unless this Court declares Safari Club's legal rights and enjoins the FWS to provide responsive documents, the FWS will continue to violate the rights of Safari Club to receive public records under FOIA.

43. Safari Club is entitled to reasonable costs of litigation, including attorney's fees and costs pursuant to FOIA and other laws. 5 U.S.C. § 552(a)(4)(E); 28 U.S.C. § 2412.

## VII.  RELIEF REQUESTED

WHEREFORE, Safari Club respectfully requests that this Court:

A. Declare the FWS's failure to make a determination on whether to comply with Safari Club's FOIA request to be unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

B. Declare the FWS's failure to produce the documents requested by Safari Club to be unlawful under FOIA, 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i);

C. Issue an injunction requiring the FWS to make a determination on whether to comply with Safari Club's FOIA request and provide Safari Club with all responsive records sought through its FOIA request, 5 U.S.C. § 552(a)(4)(B);

D. Retain jurisdiction over this action to ensure the timely processing of Safari Club's FOIA request and prevent the FWS from wrongfully withholding responsive agency records;

E. Award Safari Club its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E), and 28 U.S.C. § 2412; and

F. Grant such other and further relief as the Court may deem just and proper.

41. Safari Club, its members, and other members of the public will be harmed if the FWS is allowed to continue violating FOIA's disclosure provisions, as it has in this case.

42. Unless this Court declares Safari Club's legal rights and enjoins the FWS to provide responsive documents, the FWS will continue to violate the rights of Safari Club to receive public records under FOIA.

43. Safari Club is entitled to reasonable costs of litigation, including attorney's fees and costs pursuant to FOIA and other laws. 5 U.S.C. § 552(a)(4)(E); 28 U.S.C. § 2412.

## VII.  RELIEF REQUESTED

WHEREFORE, Safari Club respectfully requests that this Court:

A. Declare the FWS's failure to make a determination on whether to comply with Safari Club's FOIA request to be unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

B. Declare the FWS's failure to produce the documents requested by Safari Club to be unlawful under FOIA, 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i);

C. Issue an injunction requiring the FWS to make a determination on whether to comply with Safari Club's FOIA request and provide Safari Club with all responsive records sought through its FOIA request, 5 U.S.C. § 552(a)(4)(B);

D. Retain jurisdiction over this action to ensure the timely processing of Safari Club's FOIA request and prevent the FWS from wrongfully withholding responsive agency records;

E. Award Safari Club its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E), and 28 U.S.C. § 2412; and

F. Grant such other and further relief as the Court may deem just and proper.

Dated this 3rd day of December, 2014.

                                  Respectfully submitted,

                                  /s/ Anna M. Seidman

                                  Anna M. Seidman, Esq. (DC Bar No. 417091)
                                  Douglas S. Burdin, Esq. (DC Bar No. 434107)
                                  Jeremy E. Clare, Esq. (DC Bar No. 1015688)
                                  Safari Club International
                                  501 2nd Street, NE
                                  Washington, DC 20002
                                  Telephone: (202) 543-8733
                                  Facsimile: (202) 543-1205
                                  aseidman@safariclub.org
                                  dburdin@safariclub.org
                                  jclare@safariclub.org

                                  *Counsel for Plaintiff*
                                  *Safari Club International*